US CODE: Title 18,3663. Order of restitution Case 1:05-cv-01664-GK Document 4-2 Filed 10/11/2005 Page 1 of 9 Page 1 of 3

Skip to content LII
legal information institute

US Code collection

collection home faq search donate

Dept. of Justice Notification System
202-307-5983
www.ojp.usdoj.gov/ovc

TITLE 18 > PART II > CHAPTER 232 > § 3663

Prev | Next

## § 3663. Order of restitution

*Release date: 2005-08-03*

(a)

(1)

(A) The court, when sentencing a defendant convicted of an offense under this title, section 401, 408(a), 409, 416, 420, or 422 (a) of the Controlled Substances Act (21 U.S.C. 841, 848 (a), 849, 856, 861, 863) (but in no case shall a participant in an offense under such sections be considered a victim of such offense under this section), or section 46312, 46502, or 46504 of title 49, other than an offense described in section 3663A (c), may order, in addition to or, in the case of a misdemeanor, in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of such offense, or if the victim is deceased, to the victim's estate. The court may also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense.

(B)

(i) The court, in determining whether to order restitution under this section, shall consider—

(I) the amount of the loss sustained by each victim as a result of the offense; and

(II) the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.

(ii) To the extent that the court determines that the complication and prolongation of the sentencing process resulting from the fashioning of an order of restitution under this section outweighs the need to provide restitution to any victims, the court may decline to make such an order.

(2) For the purposes of this section, the term "victim" means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern. In the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, may assume the victim's rights under this section, but in no event shall the defendant be named as such representative or guardian.

(3) The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement.

Search this title:

Search Title 18

Notes
Updates
Parallel authorities (CFR)
Your comments

Other Programs
Natl. Org. for Victim Assistance
1-800-879-6682

Natl. Center for Victims of Crime
1-800-394-2255
www.ncvc.org

Title 18 app. Rule 26.2 Producing Witness Statements

http://www4.law.cornell.edu/uscode/html/uscode18/usc_sec_18_00003663----000-.html 10/3/05

**(b)** The order may require that such defendant—

**(1)** in the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense—

**(A)** return the property to the owner of the property or someone designated by the owner; or

**(B)** if return of the property under subparagraph (A) is impossible, impractical, or inadequate, pay an amount equal to the greater of—

**(i)** the value of the property on the date of the damage, loss, or destruction, or

**(ii)** the value of the property on the date of sentencing,

less the value (as of the date the property is returned) of any part of the property that is returned;

**(2)** in the case of an offense resulting in bodily injury to a victim including an offense under chapter 109A or chapter 110—

**(A)** pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

**(B)** pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

**(C)** reimburse the victim for income lost by such victim as a result of such offense;

**(3)** in the case of an offense resulting in bodily injury also results in the death of a victim, pay an amount equal to the cost of necessary funeral and related services;

**(4)** in any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses related to participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense; and

**(5)** in any case, if the victim (or if the victim is deceased, the victim's estate) consents, make restitution in services in lieu of money, or make restitution to a person or organization designated by the victim or the estate.

**(c)**

**(1)** Notwithstanding any other provision of law (but subject to the provisions of subsections (a)(1)(B)(i)(II) and (ii),[1] when sentencing a defendant convicted of an offense described in section 401, 408(a), 409, 416, 420, or 422(a) of the Controlled Substances Act (21 U.S.C. 841, 848 (a), 849, 856, 861, 863), in which there is no identifiable victim, the court may order that the defendant make restitution in accordance with this subsection.

**(2)**

**(A)** An order of restitution under this subsection shall be based on the amount of public harm caused by the offense, as determined by the court in accordance with guidelines promulgated by the United States Sentencing Commission.

**(B)** In no case shall the amount of restitution ordered under this subsection exceed the amount of the fine which may be ordered for

the offense charged in the case.

**(3)** Restitution under this subsection shall be distributed as follows:

**(A)** 65 percent of the total amount of restitution shall be paid to the State entity designated to administer crime victim assistance in the State in which the crime occurred.

**(B)** 35 percent of the total amount of restitution shall be paid to the State entity designated to receive Federal substance abuse block grant funds.

**(4)** The court shall not make an award under this subsection if it appears likely that such award would interfere with a forfeiture under chapter 46 or chapter 96 of this title or under the Controlled Substances Act (21 U.S.C. 801 et seq.).

**(5)** Notwithstanding section 3612 (c) or any other provision of law, a penalty assessment under section 3013 or a fine under subchapter C of chapter 227 shall take precedence over an order of restitution under this subsection.

**(6)** Requests for community restitution under this subsection may be considered in all plea agreements negotiated by the United States.

**(7)**

**(A)** The United States Sentencing Commission shall promulgate guidelines to assist courts in determining the amount of restitution that may be ordered under this subsection.

**(B)** No restitution shall be ordered under this subsection until such time as the Sentencing Commission promulgates guidelines pursuant to this paragraph.

**(d)** An order of restitution made pursuant to this section shall be issued and enforced in accordance with section 3664.

---

[1] So in original. Probably should be "(ii)),".

Prev | Next

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*

credits about us send email

US CODE: TITLE 18A,RULE 26.1. FOREIGN LAW DETERMINATION
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/TITLE VI. TRIAL

US CODE: TITLE 18,RULE 50. CALENDARS; PLANS FOR PROMPT DISPOSITION
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/X. GENERAL PROVISIONS

US CODE: TITLE 18,RULE 28. INTERPRETERS
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/VI. TRIAL

US CODE: TITLE 18,RULE 11. PLEAS
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/IV. ARRAIGNMENT, AND PREPARATION FOR TRIAL

US CODE: TITLE 18,[CHAPTER 237 REPEALED]
TITLE 18 - CRIMES AND CRIMINAL PROCEDURE/PART II - CRIMINAL PROCEDURE

US CODE: TITLE 18,RULE 32. SENTENCE AND JUDGMENT
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/VII. JUDGMENT

US CODE: TITLE 18,RULE 42. CRIMINAL CONTEMPT
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/IX. SUPPLEMENTARY AND SPECIAL PROCEEDINGS

US CODE: TITLE 18,RULE 26.2. PRODUCTION OF WITNESS STATEMENTS
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/VI. TRIAL

US CODE: TITLE 18,RULE 26. TAKING OF TESTIMONY
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/VI. TRIAL

US CODE: TITLE 18,RULE 17. SUBPOENA
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/IV. ARRAIGNMENT, AND PREPARATION FOR TRIAL

US CODE: TITLE 18,RULE 32.1. REVOCATION OR MODIFICATION OF PROBATION OR SUPERVISED RELEASE
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/VII. JUDGMENT

US CODE: TITLE 18,RULE 26.1. DETERMINATION OF FOREIGN LAW
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/VI. TRIAL

US CODE: TITLE 18,RULE 44. RIGHT TO AND ASSIGNMENT OF COUNSEL
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/X. GENERAL PROVISIONS

US CODE: TITLE 18,RULE 54. APPLICATION AND EXCEPTION
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/X. GENERAL PROVISIONS

US CODE: TITLE 18,RULE 23. TRIAL BY JURY OR BY THE COURT
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/VI. TRIAL

US CODE: TITLE 18A,RULE 28. INTERPRETERS
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/TITLE VI. TRIAL

US CODE: TITLE 18A,RULE 50. PROMPT DISPOSITION
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/TITLE IX. GENERAL PROVISIONS

US CODE: TITLE 18A,RULE 26.2. PRODUCING A WITNESS'S STATEMENT
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/TITLE VI. TRIAL

US CODE: TITLE 18A,RULE 32.1. REVOKING OR MODIFYING PROBATION OR SUPERVISED RELEASE

TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/TITLE VII. POST-CONVICTION PROCEDURES

US CODE: TITLE 18A,RULE 11. PLEAS
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/TITLE IV. ARRAIGNMENT AND PREPARATION FOR TRIAL

US CODE: TITLE 18A,RULE 26. TAKING TESTIMONY
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/TITLE VI. TRIAL

US CODE: TITLE 18A,RULE 23. JURY OR NONJURY TRIAL
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/TITLE VI. TRIAL

US CODE: TITLE 18A,RULE 42. CRIMINAL CONTEMPT
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/TITLE VIII. SUPPLEMENTARY AND SPECIAL PROCEEDINGS

US CODE: TITLE 18A,RULE 17. SUBPOENA
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/TITLE IV. ARRAIGNMENT AND PREPARATION FOR TRIAL

US CODE: TITLE 18A,RULE 32. SENTENCING AND JUDGMENT
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/TITLE VII. POST-CONVICTION PROCEDURES

---

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*

credits    about us    send email



Skip to content LII

legal information institute

US Code collection

collection home faq search donate

# Search Title 18 of the US Code

Search for: 3771 Search

use and, or, not -- and is default
* acts as wildcard, phrases in "double quotes"

Your query ***3771*** returned 36 results.

*Did you mean ?*

US CODE: TITLE 18,3771, 3772. REPEALED. PUB. L. 100 702, TITLE IV, 404(A), NOV. 19, 1988, 102 STAT. 4651]
TITLE 18 - CRIMES AND CRIMINAL PROCEDURE/PART II - CRIMINAL PROCEDURE/[CHAPTER 237 - REPEALED]

US CODE: TITLE 18,3771, 3772. REPEALED. PUB. L. 100 702, TITLE IV, 404(A), NOV. 19, 1988, 102 STAT. 4651]
TITLE 18 - CRIMES AND CRIMINAL PROCEDURE/PART II - CRIMINAL PROCEDURE/[CHAPTER 237 - REPEALED]

US CODE: TITLE 18A,RULE 1. SCOPE; DEFINITIONS
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/TITLE I. APPLICABILITY

US CODE: TITLE 18A,RULE 6. THE GRAND JURY
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/TITLE III. THE GRAND JURY, THE INDICTMENT, AND THE INFORMATION

US CODE: TITLE 18,RULE 1. SCOPE
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/I. SCOPE, PURPOSE, AND CONSTRUCTION

US CODE: TITLE 18,RULE 59. EFFECTIVE DATE
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/X. GENERAL PROVISIONS

US CODE: TITLE 18,RULE 6. THE GRAND JURY
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/III. INDICTMENT AND INFORMATION

US CODE: TITLE 18,RULE 41. SEARCH AND SEIZURE
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/IX. SUPPLEMENTARY AND SPECIAL PROCEEDINGS

US CODE: TITLE 18A,RULE 41. SEARCH AND SEIZURE
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/TITLE VIII. SUPPLEMENTARY AND SPECIAL PROCEEDINGS

US CODE: TITLE 18,TITLE 18 CRIMES AND CRIMINAL PROCEDURE

US CODE: TITLE 18A,RULE 44. RIGHT TO AND APPOINTMENT OF COUNSEL
TITLE 18 - APPENDIX/FEDERAL RULES OF CRIMINAL PROCEDURE/TITLE IX. GENERAL PROVISIONS

Skip to content

LII

legal information institute

US Code collection

**NOTES:**

**Source**

(Added Apr. 30, 1979, eff. Dec. 1, 1980; amended Mar. 9, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 24, 1998, eff. Dec. 1, 1998; Apr. 29, 2002, eff. Dec. 1, 2002.)

**Notes of Advisory Committee on Rules—1979**

S. 1437, 95th Cong., 1st Sess. (1977), would place in the criminal rules the substance of what is now 18 U.S.C. § 3500 (the Jencks Act). Underlying this and certain other additions to the rules contemplated by S. 1437 is the notion that provisions which are purely procedural in nature should appear in the Federal Rules of Criminal Procedure rather than in Title 18. See Reform of the Federal Criminal Laws, Part VI: Hearings on S. 1, S. 716, and S. 1400, Subcomm. on Criminal Laws and Procedures, Senate Judiciary Comm., 93rd Cong., 1st Sess. (statement of Judge Albert B. Maris, at page 5503). Rule 26.2 is identical to the S.1437 rule except as indicated by the marked additions and deletions. As those changes show, rule 26.2 provides for production of the statements of defense witnesses at trial in essentially the same manner as is now provided for with respect to the statements of government witnesses. Thus, the proposed rule reflects these two judgments: (i) that the subject matter—production of the statements of witnesses—is more appropriately dealt with in the criminal rules; and (ii) that in light of United States v. Nobles, 422 U.S. 225 (1975), it is important to establish procedures for the production of defense witnesses’ statements as well. The rule is not intended to discourage the practice of voluntary disclosure at an earlier time so as to avoid delays at trial.

In Nobles, defense counsel sought to introduce the testimony of a defense investigator who prior to trial had interviewed prospective prosecution witnesses and had prepared a report embodying the essence of their conversation. When the defendant called the investigator to impeach eyewitness testimony identifying the defendant as the robber, the trial judge granted the prosecutor the right to inspect those portions of the investigator’s report relating to the witnesses’ statements, as a potential basis for cross-examination of the investigator. When the defense declined to produce the report, the trail judge refused to permit the investigator to testify. The Supreme Court unanimously upheld the trail court’s actions, finding that neither the Fifth nor Sixth Amendments nor the attorney work product doctrine prevented disclosure of such a document at trial. Noting “the federal judiciary’s inherent power to require the prosecution to produce the previously recorded statements of its witnesses so that the defense may get the full benefit of cross-examinations and the truth-finding process may be enhanced,” the Court rejected the notion “that the Fifth amendment renders criminal discovery ‘basically a one-way street,’ ” and thus concluded that “in a proper case, the prosecution can call upon that same power for production of witness statements that facilitate ‘full disclosure of all the [relevant] facts.’ ”

The rule, consistent with the reasoning in Nobles, is designed to place the disclosure of prior relevant statements of a defense witness in the possession of the defense on the same legal footing as is the disclosure of prior statements of prosecution witnesses in the hands of the government under the Jencks Act, 18 U.S.C. § 3500 (which S. 1437 would replace with the rule set out therein). See United States v. Pulvirenti, 408 F.Supp. 12 (E.D.Mich. 1976), holding that under Nobles “[t]he obligation [of disclosure] placed on the defendant should be the reciprocal of that placed upon the government * * * [as] defined by the Jencks Act.” Several state courts have likewise concluded that witness statements in the hands of the defense at trial should be disclosed on the same basis that

prosecution witness statements are disclosed, in order to promote the concept of the trail as a search for truth. See, e.g., People v. Sanders, 110 Ill.App.2d 85, 249 N.E.2d 124 (1969); State v. Montague, 55 N.J. 371, 262 A.2d 398 (1970); People v. Damon, 24 N.Y.2d 256, 299 N.Y.S.2d 830, 247 N.E.2d 651 (1959).

The rule, with minor exceptions, makes the procedure identical for both prosecution and defense witnesses, including the provision directing the court, whenever a claim is made that disclosure would be improper because the statement contains irrelevant matter, to examine the statements in camera and excise such matter as should not be disclosed. This provision acts as a safeguard against abuse and will enable a defendant who believes that a demand is being improperly made to secure a swift and just resolution of the issue.

The treatment as to defense witnesses of necessity differs slightly from the treatment as to prosecution witnesses in terms of the sanction for a refusal to comply with the court’s disclosure order. Under the Jencks Act and the rule proposed in S. 1437, if the prosecution refuses to abide by the court’s order, the court is required to strike the witness’s testimony unless in its discretion it determines that the more serious sanction of a mistrial in favor of the accused is warranted. Under this rule, if a defendant refuses to comply with the court’s disclosure order, the court’s only alternative is to enter an order striking or precluding the testimony of the witness, as was done in Nobles.

Under subdivision (a) of the rule, the motion for production may be made by “a party who did not call the witness.” Thus, it also requires disclosure of statements in the possession of either party when the witness is called neither by the prosecution nor the defense but by the court pursuant to the Federal Rules of Evidence. Present law does not deal with this situation, which consistency requires be treated in an identical manner as the disclosure of statements of witnesses called by a party to the case.

**Notes of Advisory Committee on Rules—1987 Amendment**

The amendments are technical. No substantive change is intended.

**Notes of Advisory Committee on Rules—1993 Amendment**

New subdivision (g) recognizes other contemporaneous amendments in the Rules of Criminal Procedure which extend the application of Rule 26.2 to other proceedings. Those changes are thus consistent with the extension of Rule 26.2 in 1983 to suppression hearings conducted under Rule 12. See Rule 12 (i).

In extending Rule 26.2 to suppression hearings in 1983, the Committee offered several reasons. First, production of witness statements enhances the ability of the court to assess the witnesses’ credibility and thus assists the court in making accurate factual determinations at suppression hearings. Second, because witnesses testifying at a suppression hearing may not necessarily testify at the trial itself, waiting until after a witness testifies at trial before requiring production of that witness’s statement would be futile. Third, the Committee believed that it would be feasible to leave the suppression issue open until trial, where Rule 26.2 would then be applicable. Finally, one of the central reasons for requiring production of statements at suppression hearings was the recognition that by its nature, the results of a suppression hearing have a profound and ultimate impact on the issues presented at trial.

The reasons given in 1983 for extending Rule 26.2 to a suppression hearing are equally compelling with regard to other adversary type hearings which ultimately depend on accurate and reliable information. That is, there is a continuing need for information affecting the credibility of witnesses who present testimony. And that need exists without regard to whether the witness is presenting testimony at a pretrial hearing, at a trial, or at a post-trial proceeding.

As noted in the 1983 Advisory Committee Note to Rule 12 (i), the courts have generally declined to extend the Jencks Act, 18 U.S.C. § 3500, beyond the confines of actual trial testimony. That result will be obviated by the addition of Rule 26.2(g) and amendments to the Rules noted in that new subdivision.

Although amendments to Rules 32, 32.1, 46, and Rule 8 of the Rules Governing Proceedings under 28 U.S.C. § 2255 specifically address the requirement of producing a witness’s statement, Rule 26.2 has become known as the central “rule” requiring production of statements. Thus, the references in the Rule itself will assist the bench and bar in locating other Rules which include similar provisions.

The amendment to Rule 26.2 and the other designated Rules is not intended to require production of a witness’s statement before the witness actually testifies.

Minor conforming amendments have been made to subsection (d) to reflect that Rule 26.2 will be applicable to proceedings other than the trial itself. And language has been added to subsection (c) to recognize explicitly that privileged matter may be excised from the witness’s prior statement.

**Committee Notes on Rules—1998 Amendment**

The amendment to subdivision (g) mirrors similar amendments made in 1993 to this rule and to other Rules of Criminal Procedure which extended the application of Rule 26.2 to other proceedings, both pretrial and post-trial. This amendment extends the requirement of producing a witness’ statement to preliminary examinations conducted under Rule 5.1.

Subdivision (g)(1) has been amended to reflect changes to Rule 32.

Changes Made to Rule 26.2 After Publication (“GAP Report”). The Committee made no changes to the published draft.

**Committee Notes on Rules—2002 Amendment**

The language of Rule 26.2 has been amended as part of the general restyling of the Criminal Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only, except as noted below.

Current Rule 26.2(c) states that if the court withholds a portion of a statement, over the defendant’s objection, “the attorney for the government” must preserve the statement. The Committee believed that the better rule would be for the court to simply seal the entire statement as a part of the record, in the event that there is an appeal.

Also, the terminology in Rule 26.2(c) has been changed. The rule now speaks in terms of a “redacted” statement instead of an “excised” statement. No change in practice is intended.

Finally, the list of proceedings in Rule 26.2(g) has been placed in rule-number order.

**References in Text**

The Rules Governing Proceedings under 28 U.S.C. § 2255, referred to in subsec. (g)(5), are set out under section 2255 of Title 28, Judiciary and Judicial Procedure.

**Effective Date of Rule**

This rule added by order of the United States Supreme Court of Apr. 30, 1979, effective Dec. 1, 1980, see section 1(1) of Pub. L. 96–42, July 31, 1979, 93 Stat. 326, set out as a note under section 3771 of this title.

---

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*

credits about us send email